IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUFUS TERRY MCDOUGALD, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:16-CV-838-MHT |
| ) | [WO] |
| HOUSTON COUNTY SHERIFF'S ) | |
| OFFICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on an application for habeas corpus relief filed by Petitioner, Rufus McDougald, Jr. In his amended petition, Petitioner challenges the legality of his pre-trial detention in claiming the he was arrested without a warrant.[1] Petitioner further alleges that he filed a habeas corpus petition in the Circuit Court of Houston County, Alabama, for which he received no return within five business days; that he was not represented by counsel at his preliminary hearing; and that he was appointed counsel only after his preliminary hearing. Petitioner seeks his release from custody. Doc. 6.

Respondents[2] filed an answer asserting that Petitioner has failed to exhaust available state remedies for each of the claims now pending before this court. Specifically, Respondents maintain that Petitioner may challenge matters regarding his pretrial detention by filing a habeas corpus

---

[1] In accordance with the prior proceedings and orders entered in this case, this matter is before the court on Petitioner's amended petition filed November 20, 2016. *See* Docs. 5 & 6.

[2] A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242. In cases involving present physical confinement, the Supreme Court reaffirmed in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.* at 439. Because Petitioner is detained at the Houston County Jail, his immediate custodian and the only proper respondent is the Sheriff of Houston County. All other respondents are not proper parties.

1

petition under Alabama Code § 15-21-1 (1975). If his state habeas petition is denied by the district court, Petitioner may file a petition for writ of habeas corpus in the Alabama Court of Criminal Appeals and, if that is denied, file a petition for writ of certiorari in the Alabama Supreme Court. Similarly, if the circuit court (or, in this case, the district court) denies a petition for writ of habeas corpus (or fails to act on such a petition), a defendant may file a petition for writ of mandamus in the Alabama Court of Criminal Appeals and, if that is denied, file a petition for writ of mandamus in the Alabama Supreme Court. Docs. 11-1 to -9.

In light of the arguments and evidence presented by Respondents, the court entered a show-cause order affording Petitioner an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust available state remedies. Doc. 13. Petitioner filed pleadings on March 21, 2017 (Doc. 17) and April 3, 2017 (Doc. 18), which the court construes as responses to its show-cause order. *See* Doc. 19.

## I. DISCUSSION

### A. Illegal Arrest

Consistent with established federal law, the court finds that Petitioner's illegal arrest claim provides no basis for federal habeas relief. *See Hancock v. Slayton*, 541 F. Supp. 436, 438 (W.D. Va. 1972) ("An illegal arrest *per se* is not cognizable in a federal habeas proceeding."); *Abraham v. Wainwright*, 407 F.2d 826, 828 (5th Cir. 1969) (holding that the district court properly dismissed an illegal arrest claim, standing alone, as an "insufficient ground[] for collateral attack," and noting that "[e]ven if, *arguendo*, [petitioner's] arrest was illegal, that alone does not present grounds for habeas relief unless such arrest in some way deprived petitioner of a fair trial"); *Davis v. United States*, 424 F.2d 1061, 1063 (5th Cir. 1970) (finding that a mere allegation of illegal arrest presents no federal question); *see In re Williams*, 306 F. App'x 818 (4th Cir. 2009) (dismissing § 2241

petition raising claims of illegal arrest, unlawful detention, and violation of speedy trial rights where the petitioner could raise his claims in a pending criminal case).

**B.     Remaining Habeas Claims**

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254—including exhaustion of state remedies—apply to" Petitioner because he challenges the validity of state court actions that resulted in his confinement and that remain a potential basis for his confinement until the resolution of the criminal charges pending against him in the state courts of Houston County, Alabama. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one.  For that reason, even though [Petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Id.* at 1302–03 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1059–62 (11th Cir. 2003)).  This court may not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(1)(b)(1)(A).  A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to properly exhaust his state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief to the state's highest court for review. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

In order to circumvent the exhaustion requirement, a petitioner must demonstrate that there

is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner has failed to establish that state court remedies are unavailable or ineffective. This court will not rule on the merits of Petitioner's claims for habeas relief without first requiring that he exhaust all available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The amended petition for habeas corpus relief (Doc. 6) be DENIED.

2. The petition be DISMISSED without prejudice to allow Petitioner an opportunity to exhaust available state court remedies.

It is further ORDERED that **on or before June 28, 2017** the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 14th day of June, 2017.

_/s/ Gray M. Borden_
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE